UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ANTHONY E. GAULT,

                            Plaintiff,

        -against-

NYPD, New York City Police;
CITY AND STATE OF NEW YORK
FOOD STAMPS/MEDICAID; CITY AND STATE
FAIR HEARING RECEPTIONIST OF NEW YORK,
14 Boerum Place Administrative Fair Hearing;
MACDONALDS ORGANIZATION/
CORPORATION; DUNKIN DONUTS ORGANIZATION/
CORPORATION; BROOKLYN CRIMINAL COURT;
DISTRICT ATTORNEY OFFICE, Security for
14 Boerum Place Brooklyn N.Y. Administrative Fair
Hearing at 14 Boerum place; OFFICE STALING,
ROBERT MERCADO; GLORIA LEE, PEACE OFFICER
NARDIA, MANAGER at MACDONALDS,

                        Defendants.
-------------------------------------------------------------------x

**NOT FOR PUBLICATION**

**AMENDED MEMORANDUM AND ORDER**
15-CV-935 (PKC)

PAMELA K. CHEN, United States District Judge:

On February 2, 2015, Plaintiff Anthony E. Gault, proceeding *pro se*, filed the instant 42 U.S.C. § 1983 complaint in the United States District Court for the Southern District of New York. By order dated February 19, 2015, the Southern District transferred the action to this Court. (Dkt. 3.) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, Plaintiff's claims against the New York City Police Department, City and State of New York Food Stamps/Medicaid, City and State Fair Hearing Receptionist of New York, McDonald's, Dunkin Donuts, Brooklyn Criminal Court, District Attorney Office, and Nardia, are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted thirty (30) days from the date of this order to detail his claim as to false arrest and excessive use of force.

1

## BACKGROUND

Plaintiff's complaint is far from a model of clarity. As best, as the Court can discern, Plaintiff alleges he was unlawfully detained and assaulted at 14 Boerum Place in Brooklyn, New York, either by Fair Hearing Receptionist Robert Mercado himself or by his supervisor. (Complaint at ECF pgs. 5, 12.) Plaintiff further alleges that he was physically assaulted by security guards and/or police officers at that location. (*Id.*) It is unclear the date and time that the alleged events took place. Plaintiff avers that as a result of said incident he was arrested and, following a jury trial, he was found not guilty. (*Id.*) Plaintiff contends that he faces discrimination at Dunkin Donuts and McDonalds, and has been asked to leave both establishments on numerous occasions. (*Id.*) Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and that the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

*DISCUSSION*

I. Standard for § 1983 claim

In order to state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

Moreover, pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff must provide a short, plain statement of claim against each Defendant named so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). Plaintiff must provide facts sufficient to allow each Defendant to have a fair understanding of what the Plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of

res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

## II. § 1983 claims against Private Defendants

Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. *Brentwood Academy v. Tennessee*, 531 U.S. 288, 305-06 (2001); *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Morris v. Katz,* No. 11 Civ. 3556, 2011 WL 3918965, at *6 (E.D.N.Y. Sept. 4, 2011). Here, Defendants McDonald's and Dunkin Donuts are private corporations, and thus, are not State actors for purposes of 42 U.S.C. § 1983. Moreover, Defendant Nardia, a Manager at McDonald's is a private individual whose conduct is not attributable to the State. *See e.g., Harrison v. New York*, No. 14 Civ. 1296, 2015 WL 1413359, at *18 (E.D.N.Y. Mar. 20, 2015) (in general, the conduct of a private party no matter how discriminatory or wrongful does not constitute State action); *Brown v. Chase Bank*, No.13 Civ. 5309, 2013 WL 5537302, at *2 (E.D.N.Y. Oct. 17, 2013) (dismissing Plaintiff's § 1983 claims against defendant banks as private corporations do not act under color of State law). Since Plaintiff fails to state a claim upon which relief may be granted against these Defendants, the complaint against McDonald's, Dunkin Donuts, and Nardia is dismissed. 28 U.S.C. § 1915 (e)(2)(B)(ii).

## III. § 1983 claims against Brooklyn Criminal Court

To the extent that Plaintiff seeks to name the Brooklyn Criminal Court as a Defendant, he is informed that a court is not a person within the meaning of 42 U.S.C. § 1983. *Zuckerman v. Appellate Division, Second Dep't, Supreme Court,* 421 F.2d 625, 626 (2d Cir. 1970); *McCluskey v. Town of East Hampton*, No. 13 Civ. 1248, 2014 WL 3921363, at *4 (E.D.N.Y. Aug. 7, 2014). Accordingly, Plaintiff's claim against Brooklyn Criminal Court is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

IV.  § 1983 Claims against State and City Agencies

First, the Court notes that Plaintiff fails to allege any facts in support of his claim against any of the State and city agencies that he names. Plaintiff simply lists these Defendants in the caption of the complaint. *See Iwachiw v. N.Y.S. Dept. of Motor Vehicles*, 396 F.3d 525 (2d Cir. 2005) (affirming *sua sponte* dismissal of claims against named defendants on whose part the amended complaint alleged no wrongdoing). In any event, the Eleventh Amendment of the United States Constitution bars suits in federal court by private parties against the State or one of its agencies, absent consent to such a suit or an express statutory waiver of immunity. *Lapides v. Bd. of Regents of Univ. of Ga.,* 535 U.S. 613, 618 (2002); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Leogrande v. New York*, No. 08 Civ. 3088, 2013 WL 1283392, at *11 (E.D.N.Y. Mar. 29, 2013). Therefore, Plaintiff's claim for monetary damages against the State agencies is barred by the Eleventh Amendment.

Accordingly, Plaintiff's claims against the State agencies named in the caption of the complaint as: City and State of New York Food Stamps/Medicaid, and District Attorney Office, are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 17 § 396. Thus, the New York City Police Department as an organizational subdivision of the City of New York lacks independent legal existence, and as such, is not a suable entity. *See Warner v. City of New York*, No. 12 Civ. 2799, 2012 WL 2501070, at *2 (E.D.N.Y. Jun. 27, 2012) (police precinct is not a suable entity); *Denslow v. NYPD-77th Precinct*, No. 11

Civ. 0384, 2011 WL 1348362, at *2 (E.D.N.Y. Apr. 8, 2011) (same). Thus, Plaintiff's claim against the New York City Police Department is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

V. Leave to Amend

With the dismissal of the claims discussed above, only three Defendants remain: Officer Staling, Fair Hearing Receptionist Robert Mercado, and Peace Officer Gloria Lee. Although Plaintiff identifies these individuals as Defendants,[1] he fails to make any clear factual allegations against these officers and it is unclear to the Court whether they are all State actors, and what, if any, role they had in the alleged deprivation of Plaintiff's constitutional rights. *See Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). Accordingly, in light of Plaintiff's *pro se* status, the Court will grant him thirty (30) days' leave to amend his complaint in order to cure the deficiencies noted above. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000); Fed. R. Civ. P. 8(a).

Plaintiff is advised that should he elect to file an amended complaint, he must name each of the three remaining Defendants in the caption, and provide a brief description of what each Defendant did or failed to do, and how that act or omission caused Plaintiff injury. Plaintiff is informed that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, it is important that Plaintiff include in the amended complaint all the necessary information that was contained in the original

---

[1] Plaintiff failed to name these three Defendants in the caption of the complaint, but names them in the "list of all defendants." (Compl. at I (B)).

6

complaint. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order.

*CONCLUSION*

Plaintiff's claims against the New York City Police Department, City and State of New York Food Stamps/Medicaid, City and State Fair Hearing Receptionist of New York, District Attorney Office, McDonald's, Dunkin Donuts, Brooklyn Criminal Court, and Nardia are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

To the extent that Plaintiff seeks to file a claim against the remaining three Defendants for false arrest and/or use of excessive force, he is granted thirty (30) days from the date of this order to file an amended complaint.

If Plaintiff fails to file an amended complaint within the permitted time, the complaint will be dismissed in its entirety and judgment shall enter. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

                                              SO ORDERED:

                                              /s/ Pamela K. Chen
                                            PAMELA K. CHEN
                                            United States District Judge

Dated: June 8, 2016
       Brooklyn, New York