UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANTHONY E. GAULT,

                               Plaintiff,

          -against-

NYPD, New York City Police;
CITY AND STATE OF NEW YORK
FOOD STAMPS/MEDICAID; CITY AND STATE
FAIR HEARING RECEPTIONIST OF NEW YORK,
14 Boerum Place Administrative Fair Hearing;
MACDONALDS ORGANIZATION/
CORPORATION; DUNKIN DONUTS ORGANIZATION/
CORPORATION; BROOKLYN CRIMINAL COURT;
DISTRICT ATTORNEY OFFICE, Security for
14 Boerum Place Brooklyn N.Y. Administrative Fair
Hearing at 14 Boerum place; OFFICE STALING,
ROBERT MERCADO; GLORIA LEE, PEACE OFFICER
NARDIA, MANAGER at MACDONALDS,

                               Defendants.
------------------------------------------------------------------x

**NOT FOR PUBLICATION**

**AMENDED MEMORANDUM AND ORDER**
15-CV-935 (PKC)

PAMELA K. CHEN, United States District Judge:

On February 2, 2015, Plaintiff Anthony E. Gault ("Plaintiff"), appearing *pro se*, filed this action against Defendants, alleging false arrest and excessive use of force, presumably under 42 U.S.C. § 1983. By Order dated September 11, 2015, this Court granted Plaintiff's request to proceed *in forma pauperis*, dismissed his claims as to all Defendants but Robert Mercado, Officer Staling, and Gloria Lee,[1] and granted Plaintiff thirty days in which to file an amended complaint. (Dkt. 6.) The Court *sua sponte* extended that deadline and, on October 30, 2015, Plaintiff filed an amended complaint. (Dkt. 7.) For the reasons stated below, Plaintiff's claims against Gloria Lee

---

[1] Plaintiff failed to name these three Defendants in the caption of his original complaint, but nonetheless named them in the "List [of] all defendants." (Dkt. 2 at 1-2.)

1

are dismissed, but Plaintiff has stated a sufficient claim for false arrest and excessive force against Defendants Robert Mercado and Officer Staling, and Plaintiff shall be permitted to proceed against those Defendants.

*BACKGROUND*

Plaintiff's complaint, though more than a bit hazy, appears to sound under 42 U.S.C. § 1983 and allege claims of false arrest and excessive force against Robert Mercado the "Fair Hearing Supervisor" and Officer Staling. (*See* Dkt. 7 at 2.) Plaintiff alleges that Defendant Mercado, along with "ten to twelve security guards," attacked him and that Defendant Staling not only refused to hear Plaintiff's complaints about that conduct or take Plaintiff to the hospital, but also, along with Defendant Mercado, "beat[] [Plaintiff] up in the lobby" of an unnamed location, "hand cuff[ed]" Plaintiff, and "dragg[ed] [him] to the elevators" in that same location. (*Id.*) As compensation for these alleged wrongs, Plaintiff seeks "legal cash and restitution of every kind." (*Id*. at 2-3.)

*STANDARD OF REVIEW*

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Iqbal* at 678). The pleading standard is necessarily "less stringent" in the context of *pro se* litigants, whose complaints the Court is required to construe liberally and interpret as raising the strongest arguments they suggest.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), district courts shall dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when the claims alleged are "'based on an indisputably meritless legal theory,'" meaning they "lack[] an arguable basis in law . . . or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Bev. Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

## *DISCUSSION*

I. Standard for a § 1983 Claim

In order to state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right, but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

Moreover, pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff must provide sufficient facts to allow each named Defendant to have adequate notice of the claims against them and to know whether there is a legal basis for recovery. *See Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (requiring a complaint to give notice "which

3

will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial") (internal quotation marks and citation omitted).

## II. § 1983 claims against Defendant Gloria Lee

Plaintiff fails to allege *any* facts in support of his claim against putative Defendant Gloria Lee; indeed, Ms. Lee is not mentioned even once in Plaintiff's amended complaint. Because Plaintiff has failed to state a claim against Ms. Lee, Plaintiff's claims against Gloria Lee are dismissed. *See Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'").

## III. § 1983 claims against Defendants Robert Mercado and Officer Staling

Plaintiff alleges that Robert Mercado, the Fair Hearing Supervisor, and Officer Staling beat him up and detained him unlawfully, and that these Defendants were in law enforcement or otherwise employed by State authorities. (*See* Dkt. 7 at 2.) These assertions suffice at the pleading stage to state a claim under Section 1983, *Cornejo*, 592 F.3d at 127, and satisfy the Section 1983 "prerequisite" of the individual Defendants' "personal involvement" in the alleged "constitutional deprivation[]," *see Wright*, 21 F.3d at 501 (internal quotation marks omitted).

## *CONCLUSION*

Plaintiff's claims against Gloria Lee are dismissed, and the Clerk of Court is respectfully requested to terminate Defendant Lee from this action. No summons shall issue as to Ms. Lee.

The amended complaint shall proceed as to Robert Mercado and Officer Staling. The Clerk of Court is respectfully requested to issue summonses against Defendants Mercado and Staling, and the United States Marshals Service is directed to serve the respective summons, the amended

4

complaint, and a copy of this Memorandum and Order upon Defendants Mercado and Staling without prepayment of fees.

The case is respectfully referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision, including the service of process on the two remaining Defendants.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

   /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: June 8, 2016
      Brooklyn, New York