UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANTHONY E. GAULT,

                Plaintiff,

     - against -

POLICE OFFICER DEMETRIOUS
STARLING, ROBERT MERCADO, PEACE
OFFICER GLORIA LEE, JOHN DOE
SECURITY GUARDS 1–12,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**

15-CV-935 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

Plaintiff Anthony E. Gault, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983 and New York State law, against Defendants Robert Mercado ("Mercado"), Demetrious Starling ("Starling"), Gloria Lee ("Lee"), and 1-12 John Doe Security Guards (collectively "Defendants"), alleging: (1) false arrest and/or Fourth Amendment seizure as to Mercado, Starling, Lee, and the John Doe Defendants; (2) excessive force as to Mercado, Lee, and the John Doe Defendants; and (3) malicious prosecution as to Mercado and Starling. Before the Court are Mercado's and Starling's motions to dismiss the Omnibus Amended Complaint.[1] For the reasons stated herein, Mercado's motion is denied, but Starling's motion is granted.

---

[1] The Omnibus Amended Complaint is comprised of a two-page document filed by Plaintiff and styled as "Second Amended Complaint" (Dkt. No. 7), and Plaintiff's allegations as stated on the record at the pre-motion conference held on June 2, 2016 (*see* Transcript of Pre-Motion Conference ("Tr."), Dkt. No. 86-2), hereinafter the "Omnibus Amended Complaint."

1

## BACKGROUND

I.    **Relevant Facts**[2]

On November 19, 2013, at 14 Boerum Place in Brooklyn, New York,[3] Plaintiff was allegedly assaulted by New York State Supervisor of Receptionists Mercado, New York City Human Resources Administration Peace Officer Lee, and 10 to 12 private security guards. (Tr. at 2–6; Criminal Court Complaint,[4] Dkt. No. 86-3.) Mercado "was with the crowd that was kicking and punching [Plaintiff] during the time of the assault." (Tr. at 19.) Defendants dragged Plaintiff through the building's lobby into an elevator and upstairs to another room. (Tr. at 4, 13.) Inside the room, Lee and two or three of the private security guards handcuffed Plaintiff, who was detained until Starling arrived and arrested Plaintiff.[5] (Tr. at 5, 13.) Before arresting Plaintiff, Starling spoke to Defendant Mercado about what had transpired. (Dkt. No. 7 at ECF 2.) The encounter was captured on videotape, but despite claiming that the videotape footage had been lost, Defendants actually concealed the footage in order to create criminal charges against Plaintiff and cover up their own misconduct. (*Id.*)

Plaintiff was charged by the Kings County District Attorney's Office with, *inter alia*, Assault in the Third Degree, New York Penal Law § 120.00. (Criminal Court Complaint, Dkt.

---

[2] Pursuant to Federal Rule of Civil Procedure 12, the Court "accept[s] all factual allegations in the [Omnibus Amended Complaint] as true and draw[s] all reasonable inferences in favor of [Plaintiff]." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014).

[3] The building located at 14 Boerum Place in Brooklyn, New York, houses certain New York City and/or state run agencies.

[4] The Court takes judicial notice of the criminal complaint charging Plaintiff with the crimes for which he was arrested. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

[5] At the June 2, 2016 Conference, Plaintiff stated that Mercado did not drag Plaintiff into the room or handcuff him once he was inside the room. (Tr. at 18.)

No. 86-3.) Specifically, the Criminal Court Complaint states that Mercado, the complaining witness, reported to Starling that Plaintiff punched Mercado in the face, causing Mercado to lose a tooth and his face to swell. (*Id.*) Plaintiff was subsequently tried on the Third Degree assault charge and was acquitted. (Tr. at 6.)

Plaintiff alleges that Lee, Mercado, and Starling provided perjurious testimony at his trial. (*Id.*) Plaintiff seeks cash and restitution as compensation for the harm he suffered as a result of Defendants' misconduct. (Dkt. No. 7 at ECF 3.)

## II.     Procedural History

Plaintiff filed his initial complaint in this action on February 2, 2015, in the Southern District of New York. (Dkt. No. 2.) On February 19, 2015, the Southern District transferred the action to this district. (Dkt. No. 3.) On September 11, 2015, this Court *sua sponte* dismissed certain Defendants named in Plaintiff's original complaint and gave Plaintiff leave to file an amended complaint. (Dkt. No. 6.) Plaintiff filed a two-page letter on October 30, 2015, containing a litany of allegations, many of which have no relation to the events taking place on November 9, 2013. (Dkt. No. 7.) A pre-motion conference was held on June 2, 2016. (Dkt. No. 54.) At the pre-motion conference, Plaintiff stated additional facts and made further allegations on the record, which the Court deemed incorporated into the Amended Complaint, thereby creating the Omnibus Amended Complaint. (*Id.*) Mercado and Starling filed their fully briefed motions to dismiss on February 9, 2017. (Dkt. Nos. 84–93.)

## **STANDARD OF REVIEW**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

3

*Twombly*, 550 U.S. 544, 570 (2007)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"In addressing the sufficiency of a complaint, [in a motion to dismiss] we accept as true all factual allegations and draw from them all reasonable inferences; but we are not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and that the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

In determining whether a plaintiff has stated a plausible claim, "a court may consider 'documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiff['s]possession or of which plaintiff[] had knowledge and relied on in bringing suit.'" *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Brass v. Am. Film Techs., Inc.,* 987 F.2d 142, 150 (2d Cir. 1993)). "A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and

related filings." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (quoting *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)).

## DISCUSSION

As discussed herein, Mercado's motion to dismiss is denied because Plaintiff has stated plausible false arrest and malicious prosecution claims against him. Further, Mercado's motion for a more definite statement is denied because Defendants have fair notice of the surviving claims and the grounds on which they rest. Starling's motion to dismiss is granted because the Court finds that, accepting the allegations in the Omnibus Amended Complaint as true, probable cause supported Plaintiff's arrest, thus providing a complete defense against Plaintiff's false arrest and malicious prosecution claims against Starling.[6]

## I.    False Arrest and/or Fourth Amendment Seizure

### A.    Standard of Review

"A section 1983 claim for false arrest is substantially the same as a claim for false arrest under New York law." *Jenkins v. City of New York*, 478 F.3d 76, 84–85 (2d Cir. 2007) (citing *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). A "claim for false arrest derives from [a plaintiff's] Fourth Amendment right to remain free from unreasonable seizures, which includes the

---

[6] To the extent Plaintiff alleges any state law claims, those claims are dismissed because the Omnibus Amended Complaint does not indicate that Plaintiff has filed a notice of claim as required under N.Y. Gen. Mun L. §§ 50-e and 50-i. "Under New York law, a notice of claim is a condition precedent to bringing certain tort actions against a municipality such as [New York City] for damages sustained by reason of the negligence or wrongful act of the municipality or its officers, agents or employees." *Ferlito v. Cty. Of Suffolk*, No. 06-CV-5708, 2007 WL 4180670, at *3 (E.D.N.Y. Nov. 19, 2007) (citing N.Y. Gen. Mun L. § 50-i and *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999)). Further, as discussed *infra*, the state law false arrest and malicious prosecution claims against Starling would also be dismissed because the Court has determined that, based on the Omnibus Amended Complaint, probable cause supported Plaintiff's arrest. *See Jenkins*, 478 F.3d at 84 ("'The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983.'") (quoting *Weyant*, 101 F.3d at 852).

5

right to remain free from arrest absent probable cause." *Jaegly v. Couch*, 439 F.3d 149, 151 (2d Cir. 2006) (citing *Weyant*, 101 F.3d at 852). To prevail on a false arrest claim, a plaintiff must demonstrate that: (1) the defendants intended to confine him; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 569 (2d Cir. 1996), *amended* (May 21, 1996). "'The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983.'" *Jenkins*, 478 F.3d at 84 (quoting *Weyant*, 101 F.3d at 852). "The lawfulness of an arrest does not depend on an ultimate finding of guilt or innocence." *Cruz v. City of New York*, 232 F. Supp. 3d 438, 453 (S.D.N.Y. 2017) (citing *Pierson v. Ray,* 386 U.S. 547, 555 (1967)).

### B. Defendant Mercado

Plaintiff has stated a plausible false arrest claim against Mercado. Plaintiff has pled sufficient facts in support of elements two, three, and four of a false arrest claim: he was confined against his will; he did not consent to the confinement; and the confinement was not otherwise privileged. (*See generally* Omnibus Amended Complaint.) As to the first element, intent to confine, "[u]nder New York law, a private person who reports a crime (or a supposed crime) to the police but does not actually take the supposed offender into custody may be liable for false imprisonment only if he has expressly ordered it, or, for example, if he has 'shown undue zeal,' or been 'active and officious.'" *See Curley v. Am. Airlines, Inc.*, No. 91 CIV. 2724 (WK), 1996 WL 668857, at *1–3 (S.D.N.Y. Nov. 19, 1996), *aff'd on other grounds sub nom. Curley v. AMR Corp.*, 153 F.3d 5 (2d Cir. 1998) (citation and quotation marks omitted); *Curley v. AMR Corp.*, 153 F.3d at 13–14 (defendant "must have affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal to the point where the officer is not acting of his own volition") (citations omitted); *Lozada v.*

6

*Weilminster*, 92 F. Supp. 3d 76, 90 (E.D.N.Y. 2015) (A person who "wrongfully accuses another of criminal conduct and induces or procures that person's arrest may be liable for false arrest.") (quotation marks and citations omitted). That is, a plaintiff must show that "a [private] defendant either (a) actually confined or intended to confine a plaintiff himself, or (b) 'affirmatively procured or instigated the plaintiff's arrest.'" *Lozada*, 92 F. Supp. 3d at 90 (quoting *King v. Crossland Sav. Bank*, 111 F.3d 251, 256 (2d Cir. 1997)). "To show instigation, a plaintiff must show that a defendant did more than simply provide information to the police." *Id.* (citing *King*, 111 F.3d at 257). "[W]hether a defendant's conduct amounts to 'undue zeal' or can be characterized as 'active and officious' is a question of fact to be decided on a case by case basis." *Curley v. Am. Airlines*, 1996 WL 668857, at *2 (citing *Stearns v. Transit Auth.*, 200 N.Y.S.2d 272, 276 (N.Y. Sup. Ct. 1960)).

Here, Plaintiff does not allege that Mercado himself actually confined Plaintiff or intended to confine Plaintiff.[7] Plaintiff does, however, make allegations regarding Mercado affirmatively procuring or instigating Plaintiff's arrest. Plaintiff alleges that Mercado, with others, beat him up, that Mercado spoke to Starling after the assault and lied about the existence of a videotape that would exonerate Plaintiff, in order to cover up Defendants' own misconduct. (Dkt. No. 7 at ECF 2.) The Criminal Court Complaint filed by Starling states that he was told by Mercado that Plaintiff had punched Mercado in the face, which caused Mercado, among other things, to lose a tooth. (Dkt. No. 86-3.) Accepting, as it must be at this stage of the case, the truth of Plaintiff's allegations regarding Mercado's conduct, including Mercado's statements to Starling, the Court finds that

---

[7] The Court dismisses Plaintiff's Fourth Amendment seizure claim against Defendant Mercado because Plaintiff does not allege that Defendant Mercado was responsible for his detention prior to his arrest. Indeed, Plaintiff stated at the June 2, 2016 Conference, that Defendant Mercado did not drag him upstairs or handcuff him. (Tr. at 18.)

there are sufficient facts alleged to state a plausible false arrest claim.[8] *See Barua v. Barua*, No. 14-CV-5107, 2015 WL 4925028, at *5 (E.D.N.Y. Aug. 18, 2015) (allegation that private person reported false information to police was sufficient to state a claim for false arrest); *Paul v. Bank of Am. Corp.*, No. 09-CV-1932, 2011 WL 684083, at * 8 (E.D.N.Y. Feb. 14, 2011) (denying motion to dismiss where the plaintiff alleged "that defendants instigated plaintiff's arrest by contacting NYPD, falsely reporting a fraud, and providing the police with plaintiff's personal information, including her home address").

Notwithstanding Plaintiff's allegations that Mercado provided false information to Starling, Plaintiff's false arrest/Fourth Amendment seizure claim against Starling fails because, based on the allegations in the Omnibus Amended Complaint, probable cause supported Plaintiff's arrest. "In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant*, 101 F.3d at 852 (citations omitted). It is well established that "[w]hen information is received from a putative victim or an eyewitness, probable cause exists . . . unless the circumstances raise doubt as to the person's veracity." *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (citations omitted). Further, a police officer "is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) (citation omitted).

---

[8] Whether Mercado's conduct amounted to "undue zeal" or was "active and officious" is a question of fact to be decided by the factfinder. *See Curley v. Am. Airlines*, 1996 WL 668857, at *2; *Paul v. Bank of Am. Corp.*, No. 09-CV-1932, 2011 WL 684083, at *7 (E.D.N.Y. Feb. 14, 2011) (noting that in a false arrest claim against a private party "whether a defendant's conduct rises to the level of instigating is a question of fact" that "the Court cannot resolve at [the motion to dismiss] stage of the litigation").

Here, Starling argues that he had probable cause to arrest Plaintiff based on Mercado's report of being punched in the face by Plaintiff and, at the same time, none of Plaintiff's allegations indicate that Starling knew that this information was false or had reason to question Mercado's veracity. (*See* Dkt. No. 86-3); *see Martinez*, 202 F.3d at 634 ("[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness.") (quotation marks and citation omitted); *Curley v. Vill. of Suffern*, 268 F.3d at 69–70 (officer can rely on victim or eyewitness report, unless circumstances raise doubt as person's veracity, and arresting officer does not have to prove plaintiff's version wrong before arresting him). Accordingly, the Court finds that, based on the Omnibus Amended Complaint, Starling had probable cause to arrest Plaintiff,[9] and consequently, Plaintiff's false arrest/Fourth Amendment seizure claim against Starling fails.[10] *See Jenkins*, 478

---

[9] The Court recognizes the tension between finding that Starling had probable cause to arrest Plaintiff and finding that Plaintiff has stated a plausible false arrest claim against Mercado. These rulings are consistent, however, because Starling was entitled to rely on Mercado's statement when determining he had probable cause to arrest. (*Curley v. Vill. of Suffern*, 268 F.3d at 69–70) ("When information is received from a putative victim or an eyewitness, probable cause exists . . . unless the circumstances raise doubt as to the person's veracity.") (citation omitted). Mercado is not entitled to the benefit of that probable cause determination because it was based primarily on his statement (that Plaintiff had punched him in the face), which Plaintiff, in effect, has alleged is false; in other words, Plaintiff has alleged that Mercado (in contrast to Starling) knowingly provided false information to Starling. He also alleged that Mercado withheld exculpatory information from Starling. (*See* Dkt. No. 7 at ECF 2.) Again, as discussed *supra*, whether Defendant Mercado's conduct, including his statements to Starling, amounts to "undue zeal" or "active and officious" conduct is a question of fact, not to be decided at the motion to dismiss stage. *Curley v. Am. Airlines*, 1996 WL 668857, at *2.

[10] Because the Court finds that there was probable cause to arrest Plaintiff, the Court notes that Starling would also be entitled to qualified immunity. *See Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (Defendants "will still be entitled to qualified immunity from a suit for damages if he can establish that there was 'arguable probable cause' to arrest" the plaintiff. "Arguable probable cause exists 'if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.'" (citations omitted)).

F.3d at 84 ("The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest,' whether that action is brought under state law or under § 1983.") (quoting *Weyant*, 101 F.3d at 852).

## II. Malicious Prosecution

### A. Standard of Review

The elements of a claim for malicious prosecution under New York law are: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 160–61 (2d Cir. 2010) (citations omitted). "As for the fourth prong, 'actual malice' means acting with 'a wrong or improper motive, something other than a desire to see the ends of justice served' or with 'awareness of conscious falsity.'" *Barua*, 2015 WL 4925028, at *5 (quoting *Harrison v. Samaritan Med. Ctr.*, 9 N.Y.S.3d 495, 497 (N.Y. App. Div. 2015)). "'[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York.'" *Manganiello*, 612 F.3d at 161–62 (quoting *Savino v. City of New York*, 331 F. 3d 63, 72 (2d Cir. 2003)). As with false arrest cases, when the defendant in a malicious prosecution case is a layperson, "courts have held that simply reporting a crime to the police and serving as a witness does not meet the first element of initiating a criminal proceeding." *Llerando-Phipps v. City of New York*, 390 F. Supp. 2d 372, 382 (S.D.N.Y. 2005) (citing *Rohman v. N.Y. City Transit Auth.*, 215 F.3d 208, 217 (2d Cir. 2000)). But, "'[w]here a party is responsible for providing false information or manufactured evidence that influences a decision whether to prosecute, he may be held liable for malicious prosecution.'" *Wong v. Yoo*, 649 F. Supp. 2d 34, 65 (E.D.N.Y. 2009) (quoting *Chimurenga v. City of New York*, 45 F. Supp. 2d 337, 343 (S.D.N.Y. 1999)).

### B. Defendant Mercado

Plaintiff has alleged both that Mercado initiated the prosecution against Plaintiff and that Plaintiff was acquitted at the trial resulting from the arrest, thereby alleging facts sufficient to support the first two elements of his malicious prosecution claim. As for the third element, the Court has already determined that, based on the Omnibus Amended Complaint, Starling had probable cause to arrest Plaintiff. Where probable cause is presumed, in order for a plaintiff's malicious prosecution claim to survive, a plaintiff must allege that the probable cause upon which the prosecution proceeded was "'procured by fraud, perjury, [or] the suppression of evidence.'" *Savino*, 331 F.3d 63, 72 (citation omitted). "For purposes of this analysis, it is not necessary for plaintiff to allege improper conduct in connection with the indictment by every defendant. All he has to do is overcome the presumption by alleging that it was procured by improper means." *Lopez v. City of New York*, 105 F. Supp. 3d 242, 249 (E.D.N.Y. 2015).

Here, Plaintiff alleges that Mercado and others beat him up and lied about the existence of a videotape that would exonerate him. These allegations are sufficient to overcome the presumption of probable cause for the prosecution because Plaintiff has alleged that the probable cause was procured by improper means, *i.e.*, Mercado and others providing false information to the arresting officer. *See id.* Plaintiff, therefore, has alleged sufficient facts to satisfy the third prong of a malicious prosecution claim.

Plaintiff also alleges that Mercado and others undertook these actions to "create criminal charges" against him and to cover up their own misconduct against him, which supports the fourth element of his malicious prosecution claim—malice. (Dkt. No. 7 at ECF 2); *see Lopez*, 105 F. Supp. 3d at 248 ("actual malice" may "be inferred from *inter alia* the absence of probable cause or from facts suggesting that a defendant acted with reckless disregard for [plaintiff's] rights") (citing *Manganiello*, 612 F.3d at 163). Accordingly, Plaintiff has stated a plausible malicious

prosecution claim against Defendant Mercado. *See Barua*, 2015 WL 4925028, at *6 (denying motion to dismiss malicious prosecution claim where plaintiff alleged that civilian defendant knowingly provided false information to the police with "the intention to have Plaintiff arrested and charged with a crime in order to gain an advantage in the state court litigation"); *TADCO Constr. Corp. v. Dormitory Auth.*, 700 F. Supp. 2d. 253, 275 (E.D.N.Y. 2010) ("In cases where defendant is a civilian complainant, to overcome the presumption of probable cause, a plaintiff must plead facts to show that that the complainant 'gave false information or withheld information' from the arresting officer.") (citation omitted). Accordingly, Plaintiff has stated a plausible malicious prosecution claim against Mercado.

### C. Defendant Starling

As discussed, *infra*, the Court finds that Starling had probable cause to arrest Plaintiff, and there is nothing in the Omnibus Amended Complaint indicating that Starling learned of any information after arresting Plaintiff to undermine probable cause for his prosecution to proceed. *Savino*, 331 F.3d at 72 ("[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York.") (citation omitted). Therefore, Plaintiff's malicious prosecution claim against Starling must be dismissed.

## III. Defendant Mercado's Motion for a More Definite Statement

Mercado's motion for a more definite statement as to all surviving claims is denied. Rule 8(a) requires, in relevant part, that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(2)–(3). "Pleadings 'need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Shomo v. New York*, 374 F. App'x 180, 182 (2d Cir. 2010) (quoting *Pardus*, 551 U.S. at 93). Dismissal for failure to comply with Rule 8 is generally "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise

unintelligible that its true substance, if any, is well disguised.'" *Shomo*, 374 F. App'x at 182 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

While the Omnibus Amended Complaint is hardly a model of clarity, it nonetheless provides Defendants with fair notice of Plaintiff's surviving claims and the grounds on which they rest, namely, excessive force, false arrest, and malicious prosecution claims arising from the physical altercation between Plaintiff and Defendants that occurred on November 19, 2013, which led to Plaintiff's arrest by Starling. More specifically, Plaintiff alleges: (1) excessive force against Lee, Mercado, and the John Doe Security guards for "beating him up;" (2) false arrest and/or Fourth Amendment seizure against Lee and the John Doe Security guards for dragging him up the stairs, handcuffing him, and holding him against his will; and (3) false arrest and malicious prosecution against Mercado based on his false statements to Starling about Plaintiff punching Mercado in the face, causing Mercado lose a tooth and his face to swell, and Mercado's concealment of a videotape of the incident. *See* Sect. I, *supra* (summarizing key factual allegations underlying Plaintiff's claims). Accordingly, Mercado's motion for a more definite statement is denied. *See Shomo*, 374 F. App'x at 183.

**CONCLUSION**

For the reasons stated herein, Mercado's motion to dismiss is denied, and Starling's motion to dismiss is granted. All claims against Starling are dismissed. The excessive force, false arrest, and malicious prosecution claims against Mercado, Lee, and the John Doe Defendants will proceed. Mercado's motion for a more definite statement is also denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 29, 2017
Brooklyn, New York